## SARAH JANE LEAKE *v.* T. P. LINTON, her Husband.

Proof that the husband is an habitual drunkard, and that he has been guilty of wanton cruelty and gross personal abuse towards his wife, entitles her to a decree against him of separation from bed and board.

Proof of habitual intemperance does not entitle the wife to a divorce *a vinculo matrimonii* until two years after a decree of separation from bed and board

APPEAL from the District Court of West Feliciana, *Stirling*, J. This was an action on the part of the wife against the husband for a divorce. The following extract from the decision of the district judge shows the nature of the case: "The testimony adduced shows that the defendant is an habitual drunkard and that he has been guilty of wanton cruelty and gross personal abuse towards the plaintiff. And that said drunkenness, cruelty and abuse are, in the opinion of the court, of such a character as to render it insupportable."

*Brewer* and *Collins*, for plaintiff. *C. Ratliff*, for defendant. The judgment of the court was pronounced by

ROST, J. The habits of the defendant and his conduct towards his wife have been correctly stated by the district judge, and we fully concur with him in the opinion that the plaintiff is entitled to a separation from bed and board.

We do not concur in so much of the decree as dissolves the bonds of matrimony, considering such a decree premature. The act of 1848 (p. 57) amends the fourth paragraph of section first of the act of 1827, (p. 31,) by inserting the words habitual intemperance, so as to read as follows: "Married persons may reciprocally claim a separation and divorce on account of habitual intemperance, excesses, cruel treatment, or outrages of one of them towards the other, if such habitual intemperance or such ill treatment, are of such a nature as to render their living together insupportable."

The act of 1827 commences with an enumeration, in five paragraphs, of the various causes for which divorces may be granted. Four of them enumerate cases of adultery on the part of husband and wife, condemnation to an ignominious punishment and abandonment. The remaining paragraph provides for cases of excess, cruel treatment or outrages. With these last mentioned cases the act of 1848 has associated the case of habitual intemperance; and the legislation, as it now stands, must be interpreted by the application of the familiar rule, *noscitur a sociis*. It is clear, that under the statute of 1827, an immediate divorce could not be decreed except in cases where there had been adultery or condemnation to an infamous punishment. In other cases no divorce could be granted, " unless a judgment of separation from bed and board shall have been

<div style="text-align: right">LEAKE<br>v.<br>LINTON.</div>

previously rendered, and unless two years shall have expired from the date of separation from bed and board, and no reconciliation may have taken place." See sec. 4, Act of 1827, p. 132. The case of habitual intemperance must be restricted to the same remedy as the cases with which it is associated, and consequently the plaintiff cannot have a divorce *a vinculo matrimonii* at the present time.

We consider the testimony insufficient with regard to the plaintiff's claim for paraphernal effects. The case, as presented, is too loose and conjectural to satisfy the mind that the wife's effects have been converted by the husband to his individual benefit.

We are not disposed to disturb the judgment of non-suit as to the slave mentioned in the petition. The only evidence on the subject of the minor's ownership, was the testimony of a witness as to a verbal acknowledgment made by the defendant; which testimony did not satisfy the district judge.

It is therefore decreed, that so much only of the judgment of the district court as dissolves the bonds of matrimony between the plaintiff and the defendant, and condemns the defendant to pay the plaintiff three hundred and eighty-two dollars, and grants a tacit mortgage therefor, be reversed; and that in all other respects the said judgment be affirmed; the costs of the appeal to be paid by the plaintiff. And it is further decreed, that the right to claim in this suit, after the legal delay, a divorce *a vinculo matrimonii* be reserved to the plaintiff; and that this cause be remanded for further proceedings according to law.